IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EARL R. MAYFIELD,

      Plaintiff,

vs.                                    No. CV 17-01190 WJ/GBW

JOHN SUGGS DA, ATTY AT LAW
JEFFREY SCOVIL, ESTATE OF DET JOHN
KELLY APD, STATE OF NEW MEXICO,
DA RACHEL EAGEL,

      Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court under 28 U.S.C. § 1915A on the Prisoner's Civil Rights Complaint filed by Plaintiff Earl R. Mayfield on December 1, 2017. (Doc. 1). The Court dismisses Mayfield's Complaint for failure to state a claim and as frivolous under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B). The Court also imposes a "strike" against Plaintiff Mayfield under the Prison Litigation Reform Act, 28 U.S.C. 1915(g).

Plaintiff Mayfield has filed six cases before this Court in the last two years: *Earl R. Mayfield v. Joe Garcia, et al.,* No. CV 16-00805 JB/JHR; *Earl Mayfield v. Tom Ruiz,* No. CV 17-00193 JCH/LAM; *Earl R. Mayfield v. Ken Smith, Warden, et al.,* No. CV 17-00237 RJ/CG; *Earl R. Mayfield v. Craig Cole, et al.,* No. CV 17-00332 WJ/KK, *Earl R. Mayfield v. Presbyterian Hospital Administration,* No. CV 17-00398 MCA/KRS, and this case, *Earl Mayfield v. John Suggs, et al.,* No. CV 17-01190 WJ/GBW.[1] Each of the lawsuits involves

---

[1] Mayfield has filed a total of thirteen cases in this Court, CV 92-00349, CV 92-00350, CV 98-00699, CV 07-00149, CV 08-00413, CV 16-00805, CV 16-00840, CV 17-00193, CV 17-00237, CV 17-00332, CV 17-00398, CV 17-00891, and CV 17-01190.

1

different, but often overlapping, claims for relief against different defendants and correctional facilities. The Court has received multiple, largely incomprehensible, filings from Plaintiff Mayfield, which he often requests be filed in multiple pending cases regardless of whether the filings are relevant to all or even any of the cases.

Mayfield filed this proceeding as a prisoner civil rights action under 42 U.S.C. § 1983. He names, as Defendants, District Attorneys John Sugg and Rachel Eagel, New Mexico Public Defender staff attorney, Jeffrey Scovil, the Estate of Albuquerque Police Department Detective John Kelly, and the State of New Mexico. (Doc. 1 at 1). He alleges a vague, wide-ranging conspiracy among the Defendants to illegally arrest, prosecute, and incarcerate him. (Doc. 1 at 1-5). Mayfield seeks "$1,000,000 from each def in his or her individual capacity for each and every violation of Def civil & const rights . . . & $10,000,000.00 in monetary, compensatory damages." (Doc. 1 at 5).

To the extent the Court can decipher Mayfield's submissions, Mayfield appears to allege that he was arrested in 2012 by Albuquerque Police Department officers, including Detective John Kelly, based on a drug trafficking transaction involving a confidential informant. Mayfield claims that, during his prosecution, Detective Kelly "came clean" about corruption in the Albuquerque Police Department in a taped interview that was provided both to the prosecuting attorney, John Sugg, and Mayfield's defense counsel, Jeffrey Scovil. Mayfield contends that, before his criminal trial, Detective Kelly was murdered and District Attorney Sugg lost, destroyed, or concealed the taped interview as part of a conspiracy with defense counsel Scovil, Assistant District Attorney Rachel Eagel, Albuquerque Police Department, State Judge Stan Whittaker, and the State of New Mexico. Mayfield also argues that the death of attorney Mary

Han (who played no role in Mayfield's case) and the deaths of eleven women in the unsolved West Mesa murders are also involved in the conspiracy. (Doc. 5 at 13).

Mayfield attaches several New Mexico state appellate filings to his submissions in this case. (Doc. 5 at 15-27; Doc. 6 at 7-47). Those documents indicate that the New Mexico appellate courts have consistently rejected Mayfield's allegations and have affirmed his criminal convictions. (Doc. 6 at 21-26, 38-43, 47). Last, Mayfield attaches a letter report from the Civilian Police Oversight Agency in response to a complaint filed by Mayfield before that Agency raising the same allegations he makes in this case. (Doc. 5 at 84-85). That letter report relates the Agency's investigation and conclusions that "Mr. Mayfield presents accusations, but does not provide any evidence to support his assertions . . . Detective Kelly did not reveal criminal conduct or misconduct by other APD personnel during the [pretrial] interview . . .[t]here is no evidence to support Mr. Mayfield's assertions that Detective Kelly was the victim of homicide." (Doc. 5 at 84-85).

## I. **PENDING MOTIONS**

Pending before the Court are Plaintiff Mayfield's Motion to Amend (Doc. 5) and Motion for Summary Judgment (Doc. 6). Both motions are largely incoherent, seek a variety of relief, and have numerous attachments. *See* Doc. 5 at 13, 15-86; Doc. 6 at 5, 7-47. Neither motion complies with the Federal Rules of Civil Procedure or the Court's Local Rules, and Mayfield's request for summary judgment is premature. *Bradenburg v. Beaman,* 632 F.2d 120, 122 (10th Cir. 1980) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. . . The same is true of simple, nonburdensome local rules . . . ." (citation omitted)); *Jones v. Bock,* 549 U.S. 199, 213-14 (2007) (requests for discovery or dispositive relief are

premature and unavailable prior to the Court's completion of its screening obligation under 28 U.S.C. § 1915(A)).

The Court denies Plaintiff Mayfield's Motion to Amend (Doc. 5) and Motion for Summary Judgment (Doc. 6). The Court has, however, reviewed and considered the attachments to the two motions in performing its preliminary review of Plaintiff Mayfield's Complaint. *See* 28 U.S.C. § 1915(e)(2)(b); *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991); *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

## II. THE COMPLAINT FAILS TO STATE A CLAIM FOR RELIEF

### The Law Regarding Dismissal for Failure to State a Claim

Plaintiff Mayfield is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Fed. R. Civ. P. 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Fed. R. Civ. P. 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White,* 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon,* 935 F.2d at 1109 (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Twombly*, 550 U.S. at 570.

Under § 1915(e)(2)(B) the Court may dismiss the complaint at any time if the Court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. §

915(e)(2)(B)(2). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams,* 490 U.S. at 327. *See also Hall v. Bellmon,* 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32-33 (1992). The Court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Denton,* 504 U.S. at 32-33.

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). However, a pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir. 1994). The Court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the Court assume the role of advocate for the pro se litigant. *Hall v. Bellmon,* 935 F.2d at 1110.

In deciding whether to dismiss the complaint, in whole or in part, the Court is to consider whether to allow plaintiff an opportunity to amend the complaint. Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the Rule 12(b)(6) or § 1915(e)(2)(B) standards. *Bradley v. Val-Mejias,* 379 F.3d 892, 901 (10th Cir. 2004).

### Analysis of Plaintiff Mayfield's Complaint

Plaintiff Mayfield names District Attorneys John Sugg and Rachel Eagel as Defendants in this case. (Doc. 1 at 1). He alleges "DA John Sugg action/DA Rachel Eagel all knew about lost/destroy evids/late book of John Sugg excopertory evidence . . ." (Doc. 1-1 at 2).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). The purpose of immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir. 1986). Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064, 1066 (2006). *See, also*, *Johnson v. Lally,* 118 N.M. 795, 796, 887 P.2d 1262, 1263 (Ct. App. 1994). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

To the extent Mayfield's allegations can be discerned, Mayfield does not allege any actions by Defendants Sugg or Eagel outside their prosecutorial function. Defendants Sugg and Eagel are immune from Mayfield's damages claims for their activities associated with the judicial phase of the criminal prosecution of Mayfield. *Burns v. Reed,* 500 U.S. at 485. The Complaint fails to state a claim against District Attorneys John Sugg and Rachael Eagel and will

be dismissed under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915(e)(2)(b). *Twombly*, 550 U.S. at 570.

Second, Mayfield also identifies the State of New Mexico as a Defendant. (Doc. 1 at 1). 42 U.S.C. § 1983 states:

> "Every **person** who, *under color of any statue, ordinance, regulation, custom, or usage, of any State, Territory or the District of Columbia,* subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . ."

42 U.S.C. § 1983 (emphasis added). The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. The claims against the State of New Mexico fail to state any claim for relief under § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989).

Third, the Complaint names as a defendant New Mexico Public Defender Jeffrey Scovil. (Doc. 1 at 1) The U.S. Supreme Court has held that public defenders cannot be sued under § 1983 because they do not act under color of state law. *See, Polk County. v. Dodson,* 454 U.S. 312, 315 (1981). A public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding. *Polk,* 454 U.S. at 325. Mayfield makes allegations against Scovil regarding Scovil's functions as Mayfield's counsel in his state criminal case. (Doc. 1 at 3). Because the allegations are all based on acts or omissions by Scovil as Mayfield's criminal defense attorney, the complaint against Scovil must be dismissed.[2] *Polk,* 454 U.S. at 325.

---

[2] The Court also notes that Mayfield sued Scovil for what appear to be the same acts in a prior proceeding, No. CV 16-00805 JB/JHR. The Court determined that his allegations did not state a claim for § 1983 relief and dismissed Mayfield's claims with prejudice. Mayfield's claims against Scovil in this case would, alternatively, be barred by claim preclusion.

Fourth, Mayfield also sues the Estate of APD Detective John Kelly. (Doc. 1 at 1). Again, as far as the Court can discern, Mayfield's claim against Detective John Kelly is that he engaged in some unspecified misconduct in connection with Mayfield's 2012 arrest. (Doc. 1-1 at 1). The allegations of the Complaint relating to Detective Kelly are vague and conclusory and do not state a plausible § 1983 claim for relief against Detective Kelly or his Estate. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, even if the allegations were factually sufficient to state a claim for relief, they are clearly time-barred. Civil rights claims arising in New Mexico under § 1983 are governed by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014). A civil rights claim accrues when the plaintiff knew or should have known of the injury and its unconstitutional cause. *Varnell,* 756 F.3d at 1216. The extent of the injury is irrelevant to the analysis and, instead, the statute of limitations commences as soon as the plaintiff has been apprised of the general nature of the injury. *Wallace v. Kato,* 549 U.S. 384, 391 (2007); *Harvey v. United States,* 685 F.3d 939, 949 (10th Cir. 2012).

The applicable statute of limitations for Mayfield's claims under § 1983 is the three-year statute of limitations of § 37-1-8. Mayfield's arrest by Detective Kelly occurred on April 5, 2012, more than five years prior to the filing of Mayfield's Complaint. (Doc. 1 at 1). It is clear from the record submitted by Mayfield that any claims against Detective Kelly or his Estate are barred by the three-year statute of limitations and should be dismissed for failure to state a claim for relief. *Jones v. Bock,* 549 U.S. at 215 (where it is clear from the allegations of the complaint that the claims are time-barred, the case is subject to dismissal for failure to state a claim).

Last, all of Mayfield's claims are barred under *Heck v. Humphry,* 512 U.S. 477, 487

(1994). In *Heck,* the Supreme Court addressed the question of when a prisoner may bring a § 1983 claim relating to his conviction or sentence. The Court held that when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed. *Heck,* 512 U.S. at 487. The *Heck* doctrine also applies without respect to whether the relief sought is in the form of damages or equitable declaratory or injunctive relief. *Wilkinson v. Dotson,* 544 U.S. 74, 81–82 (2005). If success in the action would necessarily demonstrate the invalidity of the sentence or conviction, the claim is barred by *Heck. See Harris v. Fulwood,* 611 Fed.App'x 1, 2 (D.C. Cir. 2015).

Mayfield states that he is not challenging his criminal convictions. (Doc. 1 at 1). However, granting Mayfield relief in this case would necessarily imply that his convictions were improper and invalid due to alleged loss of exculpatory evidence prior to his criminal trial. Because a favorable ruling on Mayfield's claims would require treating his sentence in his state criminal cases as invalid, the Complaint also must be dismissed under the *Heck* doctrine. *See, Beck v. City of Muskogee Police Dept.,* 195 F.3d 553, 556–57 (10th Cir.1999).

### **The Court Will Not Grant Leave to Amend**

The Court will dismiss Mayfield's Complaint without leave to amend because the Court determines that amendment of the Complaint would be futile. *Hall v. Bellmon,* 935 F.2d at 1109. The denial of an opportunity to amend is within the discretion of the District Court. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The Court may deny leave to amend where amendment would be futile. A proposed amendment is futile if the complaint, as amended, would be subject to immediate dismissal. *Jefferson County Sch. Dist. v. Moody's Investor's Services,* 175 F.3d 848, 859 (10th Cir.1999). Because Mayfield's claims are against persons who are immune or entities

that are not suable, and the claims are barred by the *Heck* doctrine or the statute of limitations, any amended claims would still be subject to dismissal. *Bradley v. Val-Mejias*, 379 F.3d 892, 900–01 (10th Cir. 2004).

## **The Court Will Impose a Third "Strike" Under 28 U.S.C. § 1915(g)**

When it enacted the *in forma pauperis* statute, Congress recognized that a citizen should not be denied an opportunity to commence a civil action in any court of the United States solely because he is unable to pay or secure the costs. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 342 (1948). However, Congress also recognized that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Neitzke v. Williams,* 490 U.S. at 324. Noting that prisoner suits represent a disproportionate share of federal filings, Congress enacted a variety of reforms designed to filter out deficient claims. *Jones v. Bock,* 549 U.S. at 202-04.

Those reforms include the three-strike rule of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). The three-strike rule of § 1915(g) states:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Court determines that Mayfield's Complaint in this case fails to state a claim for relief and is frivolous. Because the Court concludes that Mayfield's Complaint in this case fails to state a claim for relief under § 1915(e)(2)(B), the Court will impose a strike against him pursuant to the Prison Litigation Reform Act § 1915(g). Mayfield is notified that, if he accrues three strikes

under § 1915(g), he may not proceed *in forma pauperis* in any future civil actions before federal courts unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

**IT IS ORDERED:**

(1) Plaintiff Earl R. Mayfield's Motion to Amend (Doc. 5) and Motion for Summary Judgment (Doc. 6) are **DENIED;**

(2) Plaintiff Earl R. Mayfield's Prisoner Civil Rights Complaint (Doc. 1), and all claims and causes of action, are **DISMISSED** with prejudice; and

(3) a strike is imposed against Earl R. Mayfield under 28 U.S.C. § 1915(g).

_____
CHIEF UNITED STATES DISTRICT JUDGE