**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

EARL R. MAYFIELD,

        Plaintiff,

vs.                          No. CV 17-01190 WJ/GBW

JOHN SUGGS DA, ATTY AT LAW
JEFFREY SCOVIL, ESTATE OF DET JOHN
KELLY APD, STATE OF NEW MEXICO,
DA RACHEL EAGEL,

        Defendants.

**MEMORANDUM OPINION AND ORDER DENYING AMENDED SUMMARY
JUDGMENT AND MOTION IN OPPOSITION TO MEMORANDUM OPINION ORDER**

        THIS MATTER is before the Court on the Amended Summary Judgment motion (Doc. 11) and Motion in Opposition to Memorandum Opinion Order /Amended /Summary Judgment in Support of Opposition to Dismissed (Doc. 17) filed by Plaintiff Earl Mayfield. The Court construes the motions as requests for reconsideration of the Court's September 27, 2018 dismissal of this case and denies the motions.

        Mayfield filed this proceeding as a prisoner civil rights action under 42 U.S.C. § 1983. He names, as Defendants, District Attorneys John Sugg and Rachel Eagel, New Mexico Public Defender staff attorney, Jeffrey Scovil, the Estate of Albuquerque Police Department Detective John Kelly, and the State of New Mexico. (Doc. 1 at 1). He alleges a vague, wide-ranging conspiracy among the Defendants to illegally arrest, prosecute, and incarcerate him. (Doc. 1 at 1-5). The Court determined that Mayfield's complaint fails to state a claim on which relief can be granted and dismissed the case. (Doc. 9). Final Judgment was entered on September 27, 2018. (Doc. 10).

Plaintiff Mayfield filed a document titled "Amended/Summary Judgment Rule 56 Prisoner's Civil Rights Complaint" on October 5, 2018. (Doc. 11) ("Amended Summary Judgment"). The filing is on a standard prisoner civil rights complaint form and appears to set out essentially the same allegations Mayfield made in his original complaint in this case. (Doc. 1, 11). Attached to the Amended Summary Judgment are 42 pages of documents from Plaintiff Mayfield's appellate proceedings in the New Mexico state courts. (Doc. 11 at 10-52). Mayfield then filed a Notice of Appeal on October 12, 2018, appealing to the United States Court of Appeals for the Tenth Circuit. (Doc. 12). The Tenth Circuit docketed the appeal as case No. 18-2152 and, on October 16, 2018, the Tenth Circuit ordered abatement of the appeal until this Court rules on the Amended Summary Judgment. (Doc. 16).

Mayfield then filed his Motion in Opposition to Memorandum Opinion Order/Amended /Summary Judgment in Support of Opposition to Dismissed on October 18, 2018. (Doc. 17) ("Motion in Opposition"). His Motion in Opposition questions why the Amended Summary Judgment took ten days from the time he placed it in the prison mail until it was filed with the Court. (Doc. 17 at 1). Attached to the Motion in Opposition are duplicate copies of the October 5, 2018 Amended Summary Judgment and the Court's Memorandum Opinion and Order. (Doc. 17 at 11-77).

The Court will construe the Amended Summary Judgment and Motion in Opposition as post-judgment requests for reconsideration. Plaintiff Mayfield filed the Motions within twenty-eight days after entry of Judgment and the Court treats them as a timely motions to alter or amend judgment under Fed.R.Civ. P. 59(e). Grounds warranting a motion to reconsider under Rule 59(e) include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *See Brumark Corp. v. Samson*

*Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995). A motion for reconsideration is proper where the court has clearly misapprehended the facts, a party's position, or the controlling law, but is not appropriate to revisit issues already addressed in prior filings. *See Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th Cir.1991); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Amended Summary Judgment and Motion in Opposition do not establish any grounds warranting reconsideration of the Court's dismissal of this case. Mayfield does not contend there has been an intervening change in the controlling law, nor does he present any new evidence that was previously unavailable. Instead, his filings continue to make the same allegations that exculpatory evidence was lost or destroyed and the prosecutors and defense counsel conspired to deprive him of a fair trial in his state criminal court proceedings. (Doc. 11 at 3-6; Doc. 17 at 13-16). Mayfield expresses concern that the Amended Summary Judgment was mailed prior to, but was not filed until after, the Court's ruling and asks the Court to take the matters set out in the Amended Summary Judgment into consideration. (Doc. 17 at 1). However, there is nothing in the Amended Summary Judgment that has not previously been presented to the Court and the attachments refute, rather than support, Mayfield's claim that there were improprieties in his criminal prosecution. *See* Doc. 11 at 24-29, 41-46, 50 (New Mexico Court of Appeals' rulings affirming Mayfield's conviction).

To the extent Mayfield may contend that reconsideration is necessary to correct clear error or prevent manifest injustice, Mayfield's Amended Summary Judgment and Motion in Opposition do not present any basis for relief on those grounds. Mayfield's filings do not challenge the bases of the Court's September 27, 2018 dismissal but, instead, do no more than revisit the issues already addressed in the Court's Memorandum Opinion and Order. *Van Skiver,* 952 F.2d at 1243; *Servants*

*of Paraclete,* 204 F.3d at 1012. Mayfield raises no clear error in the Court's rulings: (1) that prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process"; (2) the State is not a "person" within the meaning of 42 U.S.C. § 1983 and there is no remedy against the State under § 1983; (3) public defenders cannot be sued under § 1983 because they do not act under color of state law; and (4) the claims are barred by the three-year personal injury statute of limitations contained in N.M.Stat.Ann. § 37-1-8 (1978). *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976); *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 63-64 (1989); *Polk County. v. Dodson,* 454 U.S. 312, 315 (1981); *Varnell v. Dora Consol. Sch. Dist.,* 756 F.3d 1208, 1212 (10th Cir. 2014).

Nor is reconsideration required to prevent manifest injustice because all of Mayfield's claims are barred under *Heck v. Humphry,* 512 U.S. 477, 487 (1994). In this § 1983 proceeding, Mayfield is not directly challenging his state criminal conviction but, instead, seeks to recover damages for claimed improper conduct in the underlying criminal proceedings. (Doc. 11 at 3, 7-8). The New Mexico appellate courts have consistently ruled that there were no improprieties in his criminal proceeding and have affirmed his conviction. (Doc. 6 at 21-26, 38-43, 47; Doc. 11 at 24-29, 41-46, 50). To award Mayfield the damages relief he seeks would necessarily require this Court to find that his conviction was improper and invalid, contrary to the New Mexico state court determinations. Mayfield's claims are barred under *Heck* and reconsideration is not warranted to prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d at 948.

The Court will deny Mayfield's Amended Summary Judgment and Motion in Opposition. Plaintiff Mayfield has appealed the Court's dismissal of this case to the Tenth Circuit Court of Appeals. As set out in the Court's September 27, 2018 Memorandum Opinion and Order, Mayfield has also engaged in a pattern of abusive and unnecessary filings in this Court. (Doc. 9 at 1-2).

Mayfield is notified that this case is closed and the Court will not accept any further submissions from him except for filings necessary to perfect his appeal. *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989).[1]

**IT IS ORDERED:**

(1)  the Amended Summary Judgment motion (Doc. 11) and the Motion in Opposition to Memorandum Opinion Order /Amended /Summary Judgment in Support of Opposition to Dismissed (Doc. 17) filed by Plaintiff Earl Mayfield are **DENIED**;

(2)  the Clerk is **DIRECTED** to notify the United States Court of Appeals for the Tenth Circuit of this ruling; and

(3)  the Clerk is **DIRECTED** to return, unfiled, all further submissions by Plaintiff Earl Mayfield in this case other than any filings necessary for Mayfield's appeal in Tenth Circuit case No. 18-2152.

_____
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court will accept and file any submission from Mayfield necessary for his appeal in Tenth Circuit case No. 18-2152, including payment of the $505.00 filing fee or submission of an application to proceed on appeal without prepayment of fees as ordered by the Tenth Circuit on October 16, 2018 (Doc. 16).